(November 13, 1913.)

BELLE S. SMITH, Appellant, v. JOHN E. YATES, Respondent.

[136 Pac. 622.]

REAL ESTATE—ACTION TO QUIET TITLE—SUFFICIENCY OF EVIDENCE—EXCLUSION OF EVIDENCE.

1. *Held,* that the evidence is sufficient to support the findings and that the court did not err in rejecting certain evidence offered by the plaintiff.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action to quiet title to certain real estate. Judgment for defendant. *Affirmed.*

B. F. Griffith, for Appellant.

"Substantial compliance with requirements of the law in making assessments is all that is necessary. If property is

a subject of taxation it cannot escape, through some technical failure of the officer to perform his duty, unless it has actually misled the party to his injury." (*Co-operative L. & S. Assn. v. Green,* 5 Ida. 660, 51 Pac. 770; *Wilson v. Locke,* 18 Ida. 582, 111 Pac. 247; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511; *White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674; *Stewart v. White,* 19 Ida. 60, 112 Pac. 677; *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170.)

"A tax deed is not void because the description is not technically accurate, when definite and certain enough to enable those familiar with it to readily recognize the land intended." (*Goodrow v. Stober,* 80 Kan. 597, 102 Pac. 1089; *Booth v. Cooper,* 22 Ida. 451, 126 Pac. 776.)

A. A. Fraser, for Respondent.

Where the statute prescribes a particular form of the tax deed, the form becomes substance and must be strictly pursued or the deed will be held void. (*Grimm v. O'Connell,* 54 Cal. 522; *Baird v. Monroe,* 150 Cal. 560, 89 Pac. 352; *Anderson v. Hancock,* 64 Cal. 455, 2 Pac. 31; *Hubbell v. Campbell,* 56 Cal. 527; *Hughes v. Cannedy,* 92 Cal. 382, 28 Pac. 573; *North Real Estate etc. Co. v. Billings Loan Co.,* 36 Mont. 356, 93 Pac. 40; *Eldridge v. Robertson,* 19 Okl. 165, 92 Pac. 156.)

SULLIVAN, J.—This is an action to quiet title to lots 13 and 14, Block 19, of Hyde Park Addition to Boise City, also the north 45 feet of the northwest corner of Block 17 of Resseguie's Addition to Boise City.

The complaint is in the usual form to quiet title and prays that the defendant be required to set forth the nature of his claim and that the title be quieted in plaintiff. The answer of the defendant denied the possession or ownership of the plaintiff; admitted that the defendant claimed title to said lots, and alleged that the action is barred by secs. 4036 and 4037, Rev. Codes; also alleged that defendant entered into possession of said lots under claim of title founded on a

written instrument and that he had been in continuous possession for a period of more than five years and had been in adverse possession for that length of time, and that plaintiff, her ancestors, grantors or predecessors were not, or any of them, seized or possessed of said lots at any time within five years before this action was brought, and that the defendant claims title under the provisions of secs. 4040, 4041 and 4043, Rev. Codes, and by way of cross-complaint sets up his ownership and right and title to said lots and prays to have the title quieted in him. The plaintiff answered the cross-complaint, denying the material allegations therein.

The cause was tried by the court without a jury and the court thereafter made findings of fact and conclusions of law and entered a decree in favor of defendant, quieting the title to said lots in him. The appeal is from the judgment.

The errors assigned go to the refusal of the court to admit certain evidence offered by the plaintiff and to the sufficiency of the evidence to support the findings.

Upon an examination of the record, we find that the evidence is sufficient to sustain the findings of the court and that there was no reversible error in the action of the court in excluding certain evidence offered by the plaintiff.

The judgment must therefore be *affirmed,* and it is so ordered, with costs in favor of the respondent.

Ailshie, C. J., and Stewart, J., concur.